BRANDIES & CRAWFORD *v.* BRYNT'S ADMR. .

**Principal and Surety—Payment of Interest on Note.**

The payment of interest on a note, in advance or after due, does not imply novation or indulgence without the consent of the sureties. An agreement for prolongation of credit does not suspend the right or obstruct the remedies of sureties, when the consideration is illegal and void.

APPEAL FROM SHELBY CIRCUIT COURT.

January 15, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The answer leaves it doubtful whether the legal interest endorsed on the note as paid for the year succeeding the date the of the note was so paid and endorsed at that time and post-dated so as to import payment at the end of the year or was advanced contemporaneously with the execution of the note.

If not paid before the end of the year when that much would have been legally due, this indulgence for that year was according to the implied contract of the sureties, and therefore beneficial to them.

And if the payment was advanced the same presumption arises. This payment therefore implied no novation or indulgence without the consent of the sureties.

And the agreement for prolongation of credit for another year, even if not made at the same time, did not suspend the rights or obstruct the remedies of the sureties, because the consideration, being usurious, was illegal, and void. And, as the court has never recognized any other doctrine, the judgment of the circuit court in unison therewith is *affirmed.*

*Harwood, Dembitz,* for appellant.

*Lindseys,* for appellee..